**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Marleenserafica Z.,[1] | Case No. 2:25-cv-01225-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Frank Bisignano, Commissioner of Social Security Administration, | |
| Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Marleenserafica Z.'s ("Plaintiff") application for benefits under Title II of the Social Security Act. Plaintiff moves this Court to reverse the Commissioner's decision and award benefits. ECF No. 9 at 14. In the alternative, Plaintiff requests that this Court remand this matter for further proceedings. *Id.* The Commissioner opposes and asks this Court to affirm the Commissioner's decision. ECF No. 11 at 4. Plaintiff filed a reply reiterating her position. ECF No.12. Because portions of the ALJ's decision were not supported by substantial evidence, this Court remands for further proceedings.

**I.      BACKGROUND**

On August 31, 2021, Plaintiff applied for supplemental security income ("SSI") under Title II of the Act, alleging an onset date of March 16, 2020.  AR[2] 337, 346. Plaintiff's claim was denied initially, and on reconsideration.  *Id.* at 223, 229. Plaintiff requested a de novo hearing in

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

[2] AR refers to the Administrative Record in this matter (ECF No. 8).

front of an Administrative Law Judge ("ALJ"), and the appointed ALJ conducted a hearing on June 3, 2024. *Id.* at 165–96. On July 30, 2024, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 19. The Appeals Council declined to review, and the ALJ's decision became final on May 14, 2025. *Id.* at 1. Plaintiff timely filed this action for judicial review under 42 U.S.C. §§ 405(g).

## II.   STANDARD OF REVIEW

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides.

42 U.S.C. § 405(g). The Court may enter "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."

*Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. *Burch*, 400 F.3d at 679. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are insufficient. *Id.* The ALJ's findings "should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**A. Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the ALJ will make a finding of non-disability. *Id.* If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. *Id.* If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not

substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). *See* 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work the individual performed within the past 5 years. *Id.* § 404.1560(b)(1)(i). The work must have also lasted long enough for the individual to learn the job and performed an SGA. *Id.* If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. *Id.* § 404.1520(a)(4)(iv). If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering his RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v).  If the individual can do other work, then the ALJ makes a finding of non-disability. *Id.* Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. *See Bowen*, 482 U.S. at 141–42. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Id.*

**B.  The ALJ Decision**

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 16, 2020. AR 25. At step two, the ALJ found Plaintiff had the following severe impairments: right shoulder partial-thickness tear of the supraspinatus tendon, sternum fracture, mild right foot osteopenia status-post bunionectomy, depression, anxiety, and posttraumatic stress disorder ("PTSD"). *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. *Id.* Before proceeding to step four, the ALJ found Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b). *Id.* at 26. Relevant to this appeal, the ALJ found the evidence supported that Plaintiff could tolerate ordinary levels of supervision in the customary

workplace and could tolerate occasional interaction with both coworkers and the general public. *Id.* at 27. The ALJ also found that Plaintiff had moderate limitations in maintaining focus, attention, and concentration and was expected to be off task for up to five percent of time spread across the average eight-hour workday with standard breaks. *Id.*

At step five, and with the assistance of the vocational expert, the ALJ found that Plaintiff was unable to perform relevant past work as a change person but that there were other jobs existing in significant numbers that someone with Plaintiff's vocational profile could perform. *Id.* at 31–32. The ALJ therefore found Plaintiff "not disabled" as defined in the Act. *Id.* at 33.

## II.     ANALYSIS

Plaintiff challenges the RFC determined by the ALJ and moves to reverse this matter and award benefits, or alternatively reverse and remand for further proceedings. Plaintiff argues that the ALJ's determination that Plaintiff would be off task for five percent of the average workday is not supported by substantial evidence. ECF No. 9 at 6. She argues that the five percent limitation is not grounded by any medical opinion. *Id.* at 6, 8. Plaintiff also argues that the ALJ erred in finding that Plaintiff could perform unskilled work with ordinary supervision when the state agency psychologists opined that Plaintiff could respond appropriately to *non-confrontational* feedback and supervision. *Id.* at 12. Plaintiff interprets "non-confrontational" to mean not face-to-face or comparative instruction, feedback and criticism. *Id.* at 13 Thus, she argues she cannot perform the basic work activity of responding appropriately to supervision. *Id.* at 14.

The Commissioner responds that the ALJ's analysis is supported by substantial evidence, and the ALJ reasonably assessed Plaintiff's RFC based on all the evidence in the record. ECF No. 11 at 2–3. The Commissioner also challenges Plaintiff's interpretation of "non-confrontational" feedback and argues that the opinions of the state agency psychologists do not stand for such a limitation. *Id.* at 3.

### A.  The ALJ did not err in finding that Plaintiff would be off task up to five percent of the regular workday.

Plaintiff argues the ALJ created the limitation that Plaintiff would be off task up to five percent of the regular workday "based on nothing more than her lay opinion." ECF No. 9 at 6.

She argues that no medical opinion supported this limitation. *Id.* The Ninth Circuit has made clear that "ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence" in determining whether a Plaintiff is disabled. *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). "Considering the evidence and assessing an RFC that accounts for the limits of what work Plaintiff can do is the essence of what the ALJ does." *Gregory F. v. O'Malley*, No. 2:23-cv-00721-NJK, 2024 WL 2275178, at *4 (D. Nev. May 17, 2024). The regulations do not require a direct correspondence between and RFC finding and a specific medical opinion on the limitation in question. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

Here, Plaintiff's record included opinions from three different psychologists—two state agency consultants and her own psychologist. AR 76–82, 206–08, 217–19, 564–70. The ALJ considered both agency psychologists' opinions as well as two separate opinions by Plaintiff's psychologist in developing her RFC determination. *Id.* at 29. The ALJ noted that both agency psychologists found that Plaintiff had a moderate level of symptoms and could concentrate and persist on simple tasks. *Id.* at 29, 206, 217–18. She stated that Plaintiff's psychologist, Dr. Mark Short, opined in 2022 that Plaintiff could sustain attention and concentration for most complex and detailed tasks. *Id.* at 29, 569. The 2022 consultative opinion suggested that Plaintiff would consistently understand but not consistently remember simple, not detailed instructions. *Id.* at 29, 569. The ALJ also addressed Dr. Short's 2024 opinion in which Dr. Short indicated that Plaintiff was unable to sustain attention for most complex and detailed tasks without special supervision, finding that the limitations were not consistent with Dr. Short's previous assessment and Plaintiff's lack of mental health treatment records. *Id.* at 29, 81. Based on her review of the consultative medical opinions in the record, the ALJ found that the agency psychologists' opinions were persuasive and that Dr. Short's opinions were persuasive only to the extent that they opine Plaintiff has "B criteria" scores of moderate in all areas. *Id.* at 29, 31.

The ALJ formed conclusions about the medical evidence and interpreted Plaintiff's behavior and symptoms to indicate that she would be off task up to five percent of a normal workday based on her independent review of the record. *See Farlow*, 53 F.4th at 488. The ALJ's

conclusion is similar to that in *Misty M. v. O'Malley*, No. 2:24-cv-00232-MDC, 2025 WL 289215 (D. Nev. Jan. 23, 2025), where the Court determined that the ALJ's review of the numerous medical opinions supported the limitation that the plaintiff would be off task for three to five percent of the workday, even though none of the medical opinions or other records provided that exact off-task percentage. Although Plaintiff argues that this case is more similar to *Mix v. Dudek*, No. 3:24-cv-00387-CLB, 2025 WL 914413 (D. Nev. Mar. 26, 2025), this Court finds that this case is distinguishable because the ALJ in *Mix* did not cite any medical opinion or recognized authority to support the off-task limitation in the plaintiff's RFC. Since the ALJ formed the conclusion that Plaintiff would be off task up to five percent of the normal workday based on her thorough assessment and discussion of the four consultative medical opinions, this Court finds that the ALJ's given limitation as to time off-task is supported by substantial evidence.

### B. The ALJ erred in finding that Plaintiff could tolerate ordinary levels of supervision.

Plaintiff contends that the ALJ erred in her determination that she could perform unskilled work with *ordinary* supervision when state agency psychologists determined that Plaintiff could only respond appropriately to *non-confrontational* feedback and supervision. ECF No. 9 at 12. Plaintiff argues that because that Mirriam-Webster defines "confrontation" as "a face-to-face meeting conflict", [or] "comparison", the finding that she can respond appropriately to non-confrontational feedback means that she cannot otherwise tolerate face-to-face or comparative instruction, feedback, or criticism. *Id.* at 13. She argues that because she is unable to respond appropriately to criticism from supervisors, she is unable to perform a basic work activity. *Id.* The Commissioner argues that ordinary supervision is constructive, not confrontational[3], so the ALJ's findings are fully consistent with the limitations the agency doctors identified. ECF No. 11 at 3.

The ALJ found that the state agency psychologists' opinions that Plaintiff had a moderate level of symptoms were persuasive as their findings were supported by the longitudinal record evidence. AR 29. The ALJ summarized their opinions as indicating that Plaintiff "could

---

[3] The Commissioner does not cite to any authority to support this definition of ordinary supervision.

concentrate and persist for simple tasks in two-hour increments with nonconfrontational feedback and supervision" and no prolonged contact. *Id.* The ALJ then determined that Plaintiff could perform unskilled work with ordinary levels of supervision and occasional interaction with co-workers and the general public. *Id.*

"A claimant's ability to interact with supervisors is a work-related mental ability that is critical to all work, and the ALJ must adequately address it in the RFC." *Tonya T. v. Kijakazi*, No. 2:22-cv-01215BNW, 2023 WL 7404075, at *4 (D. Nev. Nov. 8, 2023). Here, the ALJ did not adequately explain why a limitation on Plaintiff's ability to interact with supervisors was not necessary when she found that the opinion that Plaintiff could respond appropriately to non-confrontational feedback and supervision was persuasive. And although the Commissioner argues that ordinary supervision is constructive rather than confrontational, the ALJ never defined "ordinary supervision" in such a manner. Since responding appropriately to supervision is a basic requirement for any job, an RFC with greater restrictions—such as a "non-confrontational" qualifier added to Plaintiff's abilities—may have resulted in a finding of disability. Further, the ALJ failed to pose hypotheticals including the limitation of non-confrontational feedback and supervision to determine whether a significant number of jobs exist in the national economy that Plaintiff could perform with this limitation. As a result, the ALJ's error in not adequately explaining her determination that Plaintiff could perform unskilled work with ordinary supervision is not harmless. This Court remands for further proceedings on this issue.

### C. This Court will not award benefits because the credit as true test has not been met.

Plaintiff argues that since Plaintiff cannot perform the essential functions of work, this Court should reverse and award of benefits. ECF No. 9 at 13. She neither cites the three-part rule nor explains why the facts of his case satisfy the test. *Id.* The Commissioner responds that if the Court finds that substantial evidence does not support the ALJ's conclusion, remanding the case for further proceedings is the appropriate remedy because there are outstanding issues on which further proceedings would be useful. ECF No. 11 at 4.

When an ALJ rejects evidence without providing legally sufficient reasons, the court may grant a direct award of benefits when certain conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The three-part analysis of such conditions is known as the "credit-as-true" test. *Id.* The credit-as-true test first asks (1) whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (2) whether there are outstanding issues that must be resolved and whether further administrative proceedings would be useful. *Id.* at 1020; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). When the first two conditions are satisfied, the court then credits the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability. *Treichler*, 775 F.3d at 1101. But even after reaching the third step and crediting the claimant's testimony as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings. *Id.* at 1101–02.

As explained above, the Court finds that at the first step, the ALJ failed to provide legally sufficient reasons for failing to incorporate the opinions of the state agency psychologists that Plaintiff could tolerate non-confrontational supervision. At step two, the Court considers whether the record as a whole is free from conflicts, ambiguities, or gaps, and whether all factual issues have been resolved. *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

Plaintiff makes no case-specific argument regarding step two. Still, the record is unclear as to whether jobs exist in significant numbers in the national economy that Plaintiff could perform if she could only tolerate non-confrontational supervision. This case therefore does not fit in with the category of cases in which the credit-as-true test was satisfied. *See, e.g.*, *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (vocational expert "specifically opined" about potential limitations); *Garrison*, 759 F.3d at 1022 (same); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (vocational expert testimony "clearly established" claimant could not perform any substantial gainful work).

Since further administrative proceedings are necessary, this Court need not reach the third step of the analysis to determine that the credit-as-true test has not been satisfied. *Treichler*, 775 F.3d at 1107. This Court remands the case for further proceedings on Plaintiff's ability to respond

to "non-confrontational" supervision as it applies to Plaintiff's RFC. The ALJ is instructed to pose hypotheticals to the VE that include the limitation of non-confrontational supervision to determine whether jobs that Plaintiff could perform exist in significant numbers in the national economy.

## III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reversal and remand (ECF No. 9) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment in favor of Plaintiff consistent with this Order and close this case.

DATED: June 12, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE